UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALL CITIES PRIVACY CLASS,
C/O MARY FORREST, Class Representative,

    Plaintiff,

v.                              Case No. 09-C-0661

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

---

DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF; AND DENYING PLAINTIFFS' REQUEST FOR COSTS AND FEES

        Plaintiffs, All Cities Privacy Class, c/o Mary Forrest, Class Representative ("plaintiffs"), brought this action against defendant Hartford Fire Insurance Company ("Hartford") in Milwaukee County Circuit Court alleging one count of breach of contract. Hartford removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446, then immediately filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Subsequently, the plaintiffs filed a motion to remand pursuant to 28 U.S.C. § 1447(c). Because the motion to remand challenges this court's subject matter jurisdiction over the case, it must be addressed first.

        The only claim presented in the complaint is for breach of contract relating to Hartford's alleged issuance of a $300,000 surety bond to All Cities Mortgage & Financial, Inc.("All Cities"). In a previous suit, *Forrest v. All Cities Mortgage & Financial Company*, Case No. 06-C-424 (E.D. Wis. July 10, 2008), the plaintiffs (as a certified class) obtained a default judgment against All Cities for violations of Wisconsin law, Wis. Stats. §§ 224.72

and 224.77, and the Fair Credit Reporting Act, 15 U.S.C. § 1681(c)(1)(B). (Compl. ¶ 15, 24.[1]) All Cities failed to satisfy the judgment, and the plaintiffs sought recovery from Hartford. Allegedly, the surety bond issued to All Cities requires Hartford to "pay any and all moneys that may become due and owing to any person under and by virtue of the provision of said Section 224.72, Wis. Stats. . . ." (*Id.* ¶ 17.) The plaintiffs contend that they are third-party beneficiaries to the bond contract. (*Id.* ¶¶ 23-26). Thus, according to the plaintiffs, Hartford is obligated to pay damages up to the bond limit, and by failing to do so it has breached the terms of the bond contract. (*Id.* ¶¶ 26-27.)

Hartford removed the action asserting that a federal question is presented under 28 U.S.C. §§ 1331, and that the lawsuit is a "supplementary proceeding" under the Class Action Fairness Act, 28 U.S.C. § 1332(d). However, in opposition to the motion to remand, Hartford limits its argument to jurisdiction under 28 U.S.C. § 1331.[2]

As a general matter, federal court jurisdiction is construed narrowly in the context of removal, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and the party seeking to invoke federal jurisdiction bears the burden of proving that removal is proper, *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir.2004). Any

---

[1] The operative complaint filed in Milwaukee County Circuit Court is attached to the Notice of Removal filed with this court on July 6, 2009.

[2] It appears that Hartford's brief in response to the plaintiffs' motion to remand was untimely—though the plaintiffs do not raise the issue. When the motion was filed, counsel for all parties had appeared and had registered under the court's electronic filing system. The plaintiffs filed their motion electronically on July 24, 2009 (service was effective the same day). Hartford filed (and served) its response brief electronically on Tuesday, August 18, 2009, twenty-five days after the motion was filed. Pursuant to Civil Local Rule 7.1, in conjunction with all motions (other summary judgment or expedited non-dispositive motions), the opposing party must serve a response brief and supporting documents within twenty-one days of service of the motion. Even assuming three additional days is added pursuant to Rule 6(d), Hartford's response appears tardy (and the day before was not a Saturday, Sunday, or legal holiday, Fed. R. Civ. P. 6(a)(3)). Thus, Hartford's filing could be stricken for untimeliness, and the plaintiffs' motion considered unopposed. However, because the parties do not discuss the subject, and the resolution of this proceeding would not change, the court will address Hartford's (brief) arguments in opposition to remand.

2

doubt regarding jurisdiction should be resolved in favor of remand. *See Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co. Inc.*, 607 F. Supp. 2d 967 (E.D. Wis. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

A defendant may remove a civil action to federal district court where the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. § 1331. "To determine the presence or absence of federal question jurisdiction, we generally look no further than the allegations contained in the plaintiff's 'well-pleaded complaint.'" *In re Application of County Collector of County of Winnebago, Ill.*, 96 F.3d 890, 895 (7th Cir. 1996) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[A] suit obviously arises under federal law if the plaintiff's cause of action is created by federal law." *Id.* Also, a case arises under federal law if a well-pleaded complaint establishes that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 13 (1983); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); see also *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). If a case is not within the original jurisdiction of the United States district courts, the district court must remand the case to the state court from which it came. 28 U.S.C. § 1447(c).

3

Case 2:09-cv-00661-CNC    Filed 12/09/09    Page 3 of 6    Document 17

Hartford maintains that the plaintiffs must prove violations of the FCRA by Hartford. (Def.'s Resp. Br. 2-3.[3]) It contends that "a default judgment entered against the principal of a bond without notice to the surety and an opportunity for the surety to defend is not binding on the surety. . . . This case, therefore, involves far more than a simple recovery of a proven violation of Wisconsin state law based on the default judgment entered against All Cities . . . ." Hence, according to Hartford, "the essence of the case and the core of its facts involve the alleged violations of a federal statute." (*Id.* at 3.)

But these assertions are not enough to establish that this breach of contract claim turns on a "substantial, disputed question of federal law." Indeed, it appears that Hartford's claim that the plaintiffs must prove violations of FCRA stems from its anticipated defense that the default judgment entered against All Cities is not binding on Hartford as a surety.[4] However, under the well-pleaded complaint rule, a defense invoking federal law is not necessarily grounds for removal. *See Caterpillar*, 482 U.S. at 398-99; *In re Application of County Collector of County of Winnebago, Ill.*, 96 F.3d at 895. Nothing on the face of the complaint indicates that the plaintiffs are alleging that Hartford violated

---

[3] Hartford also asserts that this court has jurisdiction to enforce a judgment arising out of a violation of a federal statute, but it does not adequately develop this as an independent argument. While Hartford cites *Peacock v Thomas* for this proposition, it does nothing to tie that decision to the facts and circumstances of this case. Further, as noted in *Peacock*, the Supreme Court "has never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." 516 U.S. at 357.

[4] For this passage, Hartford cites *Axess Intern., Ltd. v Intercargo Ins. Co.*, 183 F.3d 935, 940 (9th Cir. 1999). In reply, the plaintiff asserts that the case provides no support for Hartford's position, and submits that the Hartford bond is similar to a "judgment bond" or an "official bond." Hartford filed a motion for leave to file a sur-reply to rebut the plaintiffs' interpretation of the bond. However, Hartford opened the door on this point (albeit in passing reference), and the plaintiffs were entitled to address the matter in their reply. Further, the dispute over the status of the bond at issue, which ties into Hartford's claim that the plaintiffs must prove a violation of FCRA, invites the court to make assumptions going beyond what is permitted at this stage of the proceeding. In any event, the court is satisfied that Hartford has had the opportunity to squarely challenge each of the plaintiffs' grounds for remand in its response brief, and the motion to file a sur-reply will be denied.

4

federal law. As noted by the plaintiffs, the breach of contract allegation relates to Hartford's failure to pay the plaintiff class the proceeds of a bond despite the judgment, which includes state law claims (allegedly) payable under the bond. (Pls.' Reply Br. 4.) The possibility that this case **may** involve interpretation of federal law is not sufficient to support federal jurisdiction. And, that the breach of contract claim **may** be intertwined with issues raised in an earlier action against All Cities, which was decided in this federal court, does not support federal jurisdiction. *See Peacock v. Thomas*, 516 U.S. 349, 353-54 (1996). In all, Hartford does little to rebut the plaintiffs' asserted grounds for remand, and without more fails to carry its burden in establishing federal jurisdiction.

The plaintiffs seek costs and attorneys' fees incurred due to defendant's removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Upon review of the record, the court cannot conclude that Hartford lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Therefore,

IT IS ORDERED that the plaintiffs' motion to remand (Doc. # 11) is granted, and this case is remanded to Milwaukee County Circuit Court for all further proceedings.

IT IS FURTHER ORDERED that the plaintiffs' request for costs and attorneys' fees is denied.

IT IS FURTHER ORDERED that the defendant's motion for leave to file a sur-reply (Doc. # 16) is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss (Doc. # 5) is denied as moot.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

6

Case 2:09-cv-00661-CNC   Filed 12/09/09   Page 6 of 6   Document 17